UNITED STATES of America, Plaintiff-Appellee,

v.

Isidro BENITEZ-CASTILLO, Defendant-Appellant.

No. 16-30112

United States Court of Appeals, Ninth Circuit.

Submitted October 3, 2017 *
Seattle, Washington

Filed October 23, 2017

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

Helen J. Brunner, Esquire, Assistant U.S. Attorney, Amy Jaquette, Assistant U.S. Attorney, Charlene Koski, Assistant U.S. Attorney, DOJ-Office of the U.S. Attorney, Seattle, WA, for Plaintiff-Appellee

Myra Sun, Myra Sun Attorney, Los Angeles, CA, for Defendant-Appellant

Before: LIPEZ,** WARDLAW, and OWENS, Circuit Judges.

MEMORANDUM ***

Isidro Benitez-Castillo appeals his conviction for conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). We affirm.

1. The district court did not abuse its discretion in overruling Benitez-Castillo's hearsay objection to Officer Jensen's statement that he received information from Daniel Reyes about a meeting with Benitez-Castillo. Officer Jensen's fleeting statement was not hearsay because it provided necessary background and context for the initiation of his investigation, and therefore its probative value was independent of its veracity. *United States v. Echeverry,* 759 F.2d 1451, 1457 (9th Cir. 1985).

2. The district court properly denied Benitez-Castillo's motion for acquittal under Federal Rule of Criminal Procedure 29 because sufficient evidence supported Benitez-Castillo's conviction. The jury found Reyes' testimony credible, and we must "respect the exclusive province of the fact finder to determine the credibility of witnesses." *United States v. Archdale,* 229 F.3d 861, 867 (9th Cir. 2000) (citation omitted). Reyes' testimony about Benitez-Castillo orchestrating a methamphetamine transaction was concrete, internally consistent, and uncontradicted. Along with the hundreds of contacts and attempted contacts between Benitez-Castillo and co-conspirators, the evidence, viewed in the light most favorable to the government, was sufficient for any rational trier of fact to find the essential elements of a conspiracy to distribute controlled substances. *See United States v. Mincoff,* 574 F.3d 1186, 1192 (9th Cir. 2009) ("Express agreement is not required; rather, agreement may be inferred from conduct.") (citation omitted); *United States v. Lennick,* 18 F.3d 814, 818–19 (9th Cir. 1994) (describing elements of conspiracy to distribute controlled substances). Benitez-Castillo's conviction is neither plainly erroneous nor a manifest miscarriage of justice.

AFFIRMED.

*See* Fed. R. App. P. 34(a)(2).

** The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.